[L. A. No. 15941.   In Bank.—October 21, 1936.]

MEYER S. BERK et al., Appellants, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES (a Corporation) et al., Respondents.

Alfred J. Smallberg for Appellants.

Newlin & Ashburn and Ray J. Coleman for Respondents.

THE COURT.—Motion to dismiss appeal or affirm judgment on the ground that the appeal was taken for delay only and that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The action was one brought under the Mortgage and Trust Deed Moratorium of 1935 (Stats. 1935, p. 1208, Deering's Codes, Laws and Constitutional Amendments, 1935 Supplement, p. 1336) for the purpose of obtaining a postponement and stay of a trustee's sale of real property under a trust deed executed by the plaintiffs to the defendants as beneficiary and trustee respectively. The trial was had upon plaintiffs' complaint or petition and the answer thereto of the beneficiary, the Equitable Life Assurance Society of the United States, and resulted in a judgment of the trial court in favor of the defendants dismissing the proceedings. From this judgment the plaintiffs appealed, and have filed their opening brief.

We agree with respondents that the questions raised by the appellants in their brief are so unsubstantial as to require no further argument. We will proceed to discuss them briefly.

The first point raised by appellants is that the court could not pass upon the rights of the parties before it where the same are embodied in a written document (the trust deed) which is not set out in the pleadings, nor introduced in evidence. Conceding appellants are correct in this contention, it was their duty, as they were asking for relief from the strict terms of the trust deed, to bring to the attention of the court either in their pleadings or by evidence, the document which was the basis of their claim for relief.

■ It was stipulated at the trial that the real property described in the trust deed was subject also to certain junior liens. Appellants now contend that the judgment of the court with reference to the equity which appellants had in said real property was influenced by the consideration of said junior liens. The court found that the fair market value of said real property was less than the amount of the indebtedness due under the trust deed. The effect of this finding was that the appellants had no equity in said real property, over and above the amount due under the trust deed. The court could not therefore have been influenced to any appreciable extent, if at all, in finding that the appellants had no equity in said real property by reason of the fact that there were other subsequent liens against it. The appellants were in no way prejudiced by a finding of the court that the real property covered by the trust deed was subject to said junior liens. At most it was a finding upon an immaterial issue, which did not affect any right of appellants.

■ As appellants made no objection to the evidence respecting the fair market value of said real property, they cannot now question the admissibility or competency of the evidence, nor complain that it fixed the value of said real property at a time subsequent to the filing of the complaint in said action, and not at the date of such filing. This is particularly true when the evidence in the present instance may reasonably be construed as referring to the date on which complaint was filed. The contention of appellants that the court erred in considering this evidence is without merit, as also is the contention that the court erred in refusing to grant appellants' request for a continuance of the trial. ■ The granting or refusal of an application for a continuance is largely within the discretion of the trial court and its action upon such application will not be disturbed without a clear showing that it has abused such discretion. No such showing has been made in this action.

The motion to dismiss the appeal is denied. The judgment is affirmed.